UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
GISELLA CABALLERO,

                Plaintiff,

  -against-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-0937-FB

*Appearances:*
*For the Plaintiff*:
BARRY SIMON, ESQ.
Simon & Gilman, LLP
91-31 Queens Blvd, Suite 411
Elmhurst, New York 11373

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
By: CANDACE SCOTT APPLETON, ESQ.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Gisella Caballero seeks review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings, with Caballero requesting that the Court vacate the administrative law

1

judge's ("ALJ") decision and remand the case for additional administrative proceedings. For the reasons stated below, Caballero's motion is granted, the Commissioner's motion is denied, and the case is remanded.

## I

### A. Procedural Background

Caballero, a former legal assistant and telephone order clerk, filed for DIB on August 21, 2014. She alleged that she became disabled on August 26, 2011, due to Gaucher disease, knee and back pain, high blood pressure, anemia, and bowel crisis. Her application was denied, and she requested a hearing before an ALJ. After a hearing, where Caballero appeared pro se, ALJ Scott Johnson ruled on May 9, 2017, that she was not disabled. Applying the familiar five-step evaluation process,[1] the ALJ determined that (1) Caballero had not engaged in any substantial gainful activity

---

[1] Social Security Administration regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines
> (1) that the claimant is not working, (2) that [s]he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, . . . (4) that the claimant is not capable of continuing in [her] prior type of work, [and] (5) there is not another type of work the claimant can do.

See *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)–(f)). The burden of proof is on the claimant for the first four steps, but it shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

since August 26, 2011; (2) she had several severe impairments: Gaucher disease with underlying osteoarthritis of the left hip; degenerative disc disease of the lumbar, thoracic, and cervical spinal regions; and obesity; but (3) her impairments did not meet the severity of any presumptively disabling impairments. The ALJ determined that Caballero had the residual functional capacity ("RFC") to perform sedentary work, noting:

> She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can frequently reach in all directions, including overhead, bilaterally. She can tolerate occasional exposure to extreme cold, extreme heat, and pulmonary irritants—such as fumes, odors, dusts, and gases. However, she should avoid all exposure to hazards, including the use of moving machinery and exposure to unprotected heights.

AR 15. Applying that RFC, the ALJ determined that (4) Caballero was able to perform past relevant work as a telephone order clerk, which is a sedentary job. The ALJ, therefore, concluded that she was not disabled during the relevant period, without reaching the fifth step. The Appeals Council declined review on December 19, 2017. Caballero timely sought judicial review.

**B. Medical Source Evidence**

Because Caballero appeared pro se, the ALJ sent requests for medical records and opinions to her treating physicians. Drs. Heather Lau, Simon J. Hall, and Edwin

3

Weiss responded with letters detailing their treatment. Though some of those letters opined that Caballero was disabled or had limitations, none of them specified what her limitations were or how they affected her ability to perform sedentary work. Though the ALJ received medical records from Drs. Carlos Arevalo and Eric Stern, they did not respond with any medical opinions. Dr. Steven Stuchin returned the ALJ's request for records and questionnaire with a note stating "no records found." AR 534.

On January 6, 2015, Dr. John Fkiaras consultatively examined Caballero at the Commissioner's request. Dr. Fkiaras opined that she had a mild to moderate limitation in sitting for extended periods and a moderate limitation in walking, standing, and climbing stairs. He also stated that she was restricted from activities requiring great exertion and from any lifting, carrying, pushing, pulling, squatting, kneeling, and crouching. The ALJ accorded his opinions limited weight because "such extreme limitations exceed[ed] even [Caballero's] allegations," Dr. Fkiaras examined her only once, he was not a treating source, and he had not viewed her longitudinal medical records. AR 19. The ALJ also stated that Dr. Fkiaras's conclusion that Caballero could not lift, carry, push, pull, squat, kneel, or crouch, was not supported by his examination of Caballero nor by any other substantial evidence of record.

4

Lastly, though not cited by the ALJ, Dr. W. Wells, a State agency medical consultant, reviewed the record on January 15, 2015, and opined that Caballero could lift ten pounds frequently and twenty pounds occasionally; sit for six hours; stand or walk for four hours; occasionally climb ramps, stairs, ladders, ropes, scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. No medical sources testified at Caballero's hearing.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If contradictions appear in the record and an ALJ fails to reasonably explain why he or she opted for one interpretation over another, the Commissioner's findings cannot stand. *See, e.g.*, *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998).

## A. RFC Unsupported by Substantial Evidence

When crafting a claimant's RFC, an ALJ must rely on specific evidence demonstrating that the claimant can complete the requirements of his or her work, such as sedentary work. *See Henningsen v. Comm'r of Soc. Sec. Admin.*, 111 F. Supp. 3d 250, 270 (E.D.N.Y. 2015) (concluding no substantial evidence when ALJ relied on a medical opinion that did not comment on claimant's ability to perform key sedentary work requirements). A claimant can do sedentary work if he or she can "lift[] up to ten pounds at a time and occasionally lift[] and carry[] light objects." *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (citing 20 C.F.R. § 404.1567(a)). The claimant must also be able to engage in "up to two hours of standing or walking and six hours of sitting in an eight-hour work day." *Perez*, 77 F.3d at 46 (citing Social Security Ruling 83–10).

Generally, when determining whether a claimant is disabled, "an ALJ 'is not required to discuss all the evidence submitted, and his failure to cite specific evidence does not indicate it was not considered.'" *Fiedler v. Colvin*, 54 F. Supp. 3d 205, 218 (E.D.N.Y. 2014) (quoting *Barringer v. Commissioner of Soc. Sec.,* 358 F.Supp.2d 67, 79 (N.D.N.Y. 2005). Nevertheless, "the Court must still be able to 'glean the rationale of an ALJ's decision.'" *McMahon v. Colvin*, No. 13-CV-4181,

2014 WL 3735910, at *10 (E.D.N.Y. July 29, 2014) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

Here, substantial evidence did not support the ALJ's determination that Caballero could perform sedentary work with several limitations, such as limitations in climbing, balancing, and crawling. The RFC included no limitations in lifting, sitting, standing, and walking. But the ALJ did not cite any medical evidence demonstrating that Caballero could complete those requirements of sedentary work.

As the Commissioner points out, the record contains an assessment by Dr. W. Wells, a State agency medical consultant, which states that Caballero could lift ten pounds frequently and twenty pounds occasionally and that she could sit for six hours and stand or walk for four hours per day.[2] But the ALJ never referenced that assessment nor cited it as a reason why he concluded that Caballero could perform sedentary work. Though the ALJ need not cite every piece of evidence considered, that the ALJ failed to reference the *only* piece of evidence supporting his determination that Caballero could perform sedentary work is troubling. Under those circumstances, the Court is not able to glean the ALJ's rationale and does not

---

[2] The Court also notes that Dr. Wells did not have the opportunity to examine Caballero, which usually means that his opinion is presumed to have less weight than doctors who examined her, such as Dr. Fkiaras. 20 C.F.R. § 404.1527.

7

view his determination as supported by substantial evidence. Accordingly, the Court remands this case to the ALJ for reconsideration of Caballero's RFC.

### B. ALJ Misevaluated Dr. Fkiaras' Opinion Evidence

"The ALJ is not permitted to substitute his [or her] own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). Further, "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel.'" *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *Perez,* 77 F.3d at 47).

Here, the ALJ impermissibly substituted his own view of the medical evidence in affording Dr. Fkiaras's medical opinion only limited weight. Though Dr. Fkiaras opined that Caballero was unable to lift, carry, push, pull, squat, kneel, or crouch, the ALJ concluded that "such a[] profound limitation is not supported by the findings of his direct examination of the claimant." AR 19. In so finding, the ALJ relied on several notes from Dr. Fkiaras's examination, including those stating that Caballero did not appear to be in acute distress and that her sensation and reflexes were unaffected. While such extreme limitations *may* be incompatible with those examination notes, the ALJ cannot substitute his own view of the medical evidence for Dr. Fkiaras's view. Because no medical source stated that they are

8

incompatible, the ALJ cannot use that reasoning in rejecting Dr. Fkiaras's medical opinion.

The ALJ also noted that Dr. Fkiaras's opinion was vague and that the doctor did not quantify Caballero's ability to sit, walk, stand, or climb stairs in a work setting. The record does not demonstrate that the ALJ sought to clarify Caballero's specific limitations. Instead, the ALJ dismissed Caballero's opinions as vague and gave them limited weight. The ALJ had the obligation to develop the record further before discounting Dr. Fkiaras's medical opinion and crafting an RFC involving no limitations in sitting, standing, walking, or lifting.[3] Accordingly, the Court remands so that the ALJ can solicit further information from Dr. Fkiaras and revise the RFC accordingly.

**C. Remand**

Considering the above deficiencies, the Court remands this case for further development of the record and reconsideration of the RFC in light of that evidence. The ALJ should: (1) seek from Dr. Fkiaras specifics regarding the limitations the

---

[3] The Court concludes that the ALJ did not err by not otherwise developing the record. Though none of Caballero's treating physicians submitted assessments of her RFC, they were all asked to do so and chose not to opine on her limitations in their responses. Accordingly, the ALJ had already made an affirmative effort to develop the record with respect to the treating physicians.

9

doctor believes Caballero had; (2) obtain medical opinions regarding whether Caballero's examination results during her consultation with Dr. Fkiaras are inconsistent with the limitations the doctor believed her to have; (3) reconsider Caballero's RFC and cite the evidence relied upon in determining the RFC; and (4) conduct an additional hearing receiving and considering this new evidence. In so doing, the ALJ should be mindful that any testimony and medical opinions must be retrospective and address the period between August 26, 2011, and June 30, 2017, when Caballero was last insured.

### III

Caballero's motion is GRANTED, and the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

/S/ Frederic Block_____  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
April 23, 2019